UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SCOTT BREADMORE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-361 |
| | § | |
| JAMES JACOBSON, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court are three motions filed by Defendant: (i) the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4); (ii) the Motion to Dismiss for Failure to State a Claim (Doc. 4); and (iii) the Conditional Motion for Leave to Amend to Assert Answer and Counterclaim (Doc. 14). Upon review and consideration of these documents and the relevant legal authority, and for the reasons stated below, the Court concludes that (i) the Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied; (ii) the Motion to Dismiss for Failure to State a Claim is granted in part and denied in part; and (iii) the Motion for Leave to Amend to Assert Answer and Counterclaim is granted.

## I.    Background

In January 2012, Plaintiffs Patrick Scott Beardmore and Galen Blom (collectively "Plaintiffs") began developing the "ZEAL Rewards APP" ("the APP"), a cellular phone application that serves as a "rewards program for customers' loyalty." Compl., Doc. 1 ¶ 4. Plaintiffs created the general concept of the APP along with various other necessary components, including the graphic design of the pictorial elements, the construction of the wire-frame, and a flow chart for the information processing. *Id.* ¶ 4(a). They reduced these components to a

working prototype of a computer software program. *Id.* After introducing the APP to targeted users on a limited basis, Plaintiffs approached Defendant James Jacobson ("Defendant") to invest in further developing the APP. *Id.* ¶ 4(b). Plaintiffs provided Defendant with the APP prototype, consisting of software, drawings, and other tangible property, so that he could decide the extent of his financial investment. *Id.* ¶ 8.

Defendant provided limited funding, but the parties could not agree on the terms of a limited liability company that Defendant proposed to market the APP. Pl.'s Aff., Doc. 6 ¶ 5. Eventually, a dispute ensued over ownership rights to the APP. *Id.* ¶ 4. Since the parties never reached an agreement, Plaintiffs contend that they remain the sole owners of the APP. *Id.*; Doc. 1 ¶ 9. They claim, however, that Defendant declared sole ownership of the APP and sold it to an unnamed party without Plaintiffs' consent for $1,000,000 in January. Doc. 1 ¶ 4.

On February 12, 2013, Plaintiffs filed suit against Defendant for conversion, violation of the Texas Theft Liability Act, trade secret misappropriation, and violations of the Copyright Act, 17 U.S.C. § 101, *et. seq. Id.* ¶¶ 6–9. Plaintiffs rely on their copyright claim to support federal subject matter jurisdiction and argue that this Court has supplemental jurisdiction over their state-law claims. Plaintiffs seek a total of $1,500,000 for actual damages. *Id.* ¶ 10. Alternatively, Plaintiffs seek $150,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(2) based on Defendant's allegedly willful infringement. *Id.* ¶ 11.

Defendant moves to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and alternatively under Rule 12(b)(6) for failure to state a claim. Doc. 4 ¶¶ 7, 12.

**II.      Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

Defendant avers that "the Court lacks subject matter jurisdiction over this dispute because the facts alleged in the Original Complaint regarding violations of the Federal Copyright Act are not true." *Id.* ¶ 5. According to Defendant, Plaintiffs fail to state a claim under the Federal Copyright Act because (1) the APP is still jointly owned by Defendant and Plaintiffs and (2) the APP was never sold, transferred, or reproduced and remains in the "Apple developer account." *Id.* ¶ 9. In support of these arguments, Defendant offers his own declaration (Doc. 4-1) and an exhibit of the APP's iTunes status history (Doc. 4-2), which purportedly shows that the APP "remains in the Apple account" and has not been sold. Doc. 4-1 ¶ 7. In his declaration, Defendant states, "[t]he APP has not been sold, nor has it been offered for sale to any individual or entity." *Id.* ¶ 5. Defendant argues that the Court should dismiss Plaintiffs' state-law claims as well because the Court will have no basis to exercise supplemental jurisdiction once Plaintiffs' copyright claim is dismissed. Doc. 4 ¶ 11.

Plaintiffs filed a response to Defendant's motion to dismiss in which they argue that Defendant's 12(b)(1) motion should be denied because Defendant's declaration is false and relies on impeached evidence. Pl.'s Resp., Doc. 7 ¶ D. In support of their arguments, Plaintiffs offer evidence of emails and text messages wherein Defendant admits to selling the APP. *Id.* ¶ D(1). On December 12, 2012, Defendant sent an email to Plaintiffs' partner, Chris Reichard, stating: "I am expecting to close on the sale of ZEAL Rewards APP on Friday. I need to discuss/secure the database & coding and have you work with the acquisition company on transitioning the app to them." Dec. 11, 2012 Email, Doc. 6, Ex. 3. Defendant sent another email to Chris Reichard the following day stating: "I left you a voice mail. I really need to secure that App and work on transitioning you [sic] work to the buyer." Dec. 12, 2012, Email, Doc. 6, Ex. 4. Defendant later

texted Plaintiffs stating that he sold the APP for $1,000,000 and went on to say that Plaintiffs "[s]hould have taken [his] offer." Jan. 8, 2013 Text Message, Doc. 6, Ex. 2. Based on this evidence, Plaintiffs argue they have met their burden to state a plausible claim that invokes the Court's subject matter jurisdiction. Doc. 7 ¶ D.

A.     *Legal Standard*

Federal courts are of limited jurisdiction. It is fundamental that federal courts establish subject matter jurisdiction before reaching the substantive claims of a lawsuit. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012); *Halmekangas v. State Farm Fire and Cas. Co.*, 306 F.3d 290, 292 (5th Cir. 2010). If the court lacks either the statutory or constitutional authority to adjudicate a claim, then the claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

Where, as here, the defendant attaches supporting evidence to a 12(b)(1) motion to dismiss, the motion constitutes a factual challenge to subject matter jurisdiction and a court is entitled to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Levin v. Minn. Life Ins. Co.,* No. H–07–1330, 2008 WL 2704772, at *2 (S.D. Tex. July 7, 2008) (citing *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). Thus, a court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). The burden of proof lies with the party asserting jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). Ultimately, a motion to dismiss for lack of subject matter jurisdiction is only granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B.    Discussion

Federal district courts have original jurisdiction over civil actions arising under the Copyright Act. 28 U.S.C. § 1338(a); *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987). Thus, the dispositive issue for determining subject matter jurisdiction is whether Plaintiffs' claims arise under the Copyright Act or "merely involve the Act to a degree insufficient to confer jurisdiction." *See Kane v. Nace Int'l*, 117 F. Supp. 2d 592, 594 (S.D. Tex. 2000). Actions are considered to arise under the Copyright Act if (1) "the complaint is for a remedy expressly granted by the Act…" or (2) the action "asserts a claim requiring construction of the Act…." *Goodman*, 815 F.2d at 1031 (quoting *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964). Cases commonly arising under the Act involve determinations of a work's ownership or authorship. *See Kane*, 117 F. Supp. 2d at 594 ("The courts have found federal jurisdiction in actions seeking a declaratory judgment that a plaintiff was a statutory co-author….").

Here, the fundamental controversy involves the ownership and alleged infringement of a copyrightable APP. Plaintiffs' complaint explicitly asserts claims and requests relief under the Copyright Act. Therefore, the Court must interpret the Act to resolve whether Plaintiffs are entitled to such relief. Additionally, Defendant's evidence supporting the APP's existence within

the Apple account is insufficient to warrant a 12(b)(1) dismissal. Defendant has not demonstrated that Plaintiffs "cannot prove any set of facts that would entitle [them] to relief." *Ramming*, 281 F.3d at 161. Plaintiffs' evidence—text messages and emails containing Defendant's admission of a sale—satisfies the Court of its "power to hear the case." *Paterson*, 664 F.2d at 523. Thus, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied because Plaintiffs' claims arise under the Copyright Act and Defendant's factual challenge to the Court's subject matter jurisdiction is insufficient to support dismissal.

**III.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Defendant asserts that Plaintiffs have failed to state a claim because they did not comply with the Copyright Act's procedural requirements set forth in 17 U.S.C. § 411, which states: "no civil action for infringement of the copyright…shall be instituted until preregistration or registration of the copyright claim has been made…." Doc. 4 ¶ 12. Defendant also relies on the Supreme Court's ruling in *Reed Elsevier, Inc. v. Muchnick* to argue that registration is a prerequisite for copyright infringement action. *Id.* (citing 559 U.S. 154, 159 (2010)). Without a claim arising under the Copyright Act, Defendant argues, supplemental jurisdiction for Plaintiffs' state-law claims must fail. *Id.* ¶ 13.

In their response to Defendant's 12(b)(6) motion, Plaintiffs concede that they did not register the APP. Doc. 7 ¶ D. They argue, however, that registration is not a procedural requirement for a copyright claim, but merely a "claims-handling" matter. *Id.* ¶ H. Additionally, Plaintiffs attempt to argue that a copyright registration requirement would place them in an untenable position by forcing them to answer in the copyright application whether or not the APP was created as a "work for hire." *Id.* A "yes" answer, they say, would permit Defendant to claim ownership of the APP while "a no answer may…result in a fraud upon the Copyright

Office if the applicant knows that another party is claiming the copyright as a product of work for hire." *Id.* (internal quotations omitted). As such, Plaintiffs assert, a registration prerequisite for copyright infringement actions would unjustly create a barricade that Plaintiffs cannot legally overcome. *Id.* Alternatively, they argue that the issues of copyright ownership related to the state-law claims necessarily raise a federal question that must be determined in federal court. *Id.*

      **A.**    ***Legal Standard***

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining plausibility, courts first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory. *Id.* at 662. Second, courts must assume the truth of all factual allegations and determine whether those factual allegations allege a plausible claim. *See Id.* "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal citation omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). If the facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Id*. On a Rule 12(b)(6) review, the court may consider "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

**B.     Discussion**

In *Reed Elsevier*, the Supreme Court considered whether § 411 of the Copyright Act created a jurisdictional bar to copyright infringement claims involving unregistered works. 559 U.S. at 163. The Court held that "[s]ection 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject matter jurisdiction." *Id.* at 157. The Court, however, "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that…district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Id.* at 171. Nor did the Court address the effect of a plaintiff's failure to comply with the requirement. *Id.* at 170–71. Under established Fifth Circuit precedent, a plaintiff's copyright infringement claim may be dismissed for failure to state a claim if the plaintiff does not comply with § 411(a)'s registration requirement. *Real Estate Innovations, Inc. v. Hous. Ass'n of Realtors, Inc.*, 422 F. App'x 344, 348 (5th Cir. 2011). This precedent is undisturbed by the holding in *Reed Elsevier*.

To satisfy § 411(a), "the Fifth Circuit requires only that the Copyright Office actually receive the application, deposit, and fee before a plaintiff files an infringement action." *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 365, 365 (5th Cir. 2004). It is not required that a claimant obtain a certificate of registration from the Copyright Office before bringing suit. *Starr v. DaimlerChrysler Corp.*, 252 F. App'x 590, 590 (5th Cir. 2007). Nor does the Copyright Office need to even consider an application for registration. *See Positive Black Talk.*, 394 F.3d at 365. Therefore, to state a claim for copyright infringement, a plaintiff need only "prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." *Apple Barrel Producs., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

Here, Plaintiffs do not allege that they have complied with § 411(a)'s registration requirement, or even the Fifth Circuit's lenient interpretation of the requirement. Nor have they alleged that they are in the process of sending an application to the Copyright Office or that they intend to do so. Instead, they contend that such a requirement would be unjust as it would force them to state whether the APP was created as a "work for hire." Plaintiffs' concern regarding fraud within the copyright application is unfounded if they genuinely believe the APP is their sole property and was not made as a "work for hire." The copyright application does not inquire whether or not *other* parties believe the work was made for hire. Even if it is later determined that the APP was a work made for hire, inadvertent errors in an application for copyright registration do not constitute application fraud. *One Treasure Ltd., Inc. v. Richardson*, 202 F. App'x 658, 660 (5th Cir. 2006) ("Courts have repeatedly excused a wide range of errors, like those complained of by the defendant including…misstatement of work's author…and misstatement that a work is made for hire."). If Plaintiffs do not consider the APP to be a work for hire, they are not required to describe the APP as such on the copyright application simply because Defendant claims it is so, and it will not contain the "knowingly inaccurate information" that is required for copyright fraud. 17 U.S.C. § 411(b)(A).

Because Plaintiffs fail to allege that they have complied with the § 411 requirement as applied in this circuit, their copyright infringement claim is dismissed without prejudice. Plaintiffs may cure the § 411 defect and amend their complaint to address this deficiency within twenty days of the date of entry of this Order. *See Positive Black Talk, Inc.*, 394 F.3d at 365.

Although the registration requirement forces the Court to dismiss Plaintiffs' copyright infringement claim, the Copyright Act's "broad preemptive scope is not affected by [the Act's] registration requirements." *Real Estate Innovations*, 422 F. App'x at 349 ("Though perhaps

counter-intuitive, it is settled that the absence of a copyright registration does not preclude the application of the doctrine of preemption that exists under the Copyright Act."). As such, the case may remain in federal court "based on the likely preemption of [Plaintiffs']" state-law claims. *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012). Additionally, if the Act preempts any of the state-law claims at issue, the additional claims can continue in federal court if they satisfy supplemental jurisdiction. *Id.* State-law claims are subject to preemption under the Copyright Act if they create legal or equitable rights that are equivalent to any of the exclusive rights within the scope of the federal copyright laws. *Real Estate Innovations*, 422 F. App'x at 349. To determine whether state-law claims are preempted, courts in the Fifth Circuit apply a two-part test. *Id.* First, the court examines the cause of action "to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C. § 102.'" *Id.* (quoting *Carson v. Dynegy, Inc.,* 344 F.3d 446, 456 (5th Cir. 2003)). If so, the court must then decide whether the cause of action "protects rights that are equivalent to any of the exclusive rights of a federal copyrightable work, as provided in 17 U.S.C. § 106." *Id.* (quoting *Carson*, 344 F.3d at 456). A claim must satisfy both prongs of the two-factor test to be preempted. *GlobeRanger*, 691 F.3d at 705.

> With regard to the first prong, § 102 of the Copyright Act states:
>
> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include…audiovisual works….

17 U.S.C. § 102. Accordingly, any nonliteral and creative aspects of the contested APP fixed on a tangible medium fall within copyright subject matter. *See Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1342 (5th Cir. 1994) ("Clearly…some [software] output formats will contain sufficient original expression to merit protection."). Software, like the APP, is

entitled to copyright protection as an audiovisual work and, therefore, satisfies the initial prong of falling under the subject matter of copyright. *See Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 786 (5th Cir. 1999) (holding that the first prong of the preemption analysis [was] satisfied" because the software at issue fell within the subject matter of copyright); *See also Eng'g Dynamics*, 26 F.3d at 1342 ("Congress has declared that computer programs are…entitled to copyright protection.") (citing 17 U.S.C. § 101).

With regard to the second prong, § 106 of the Copyright Act provides a copyright owner with exclusive rights to (1) reproduce the work, (2) prepare derivative works, and (3) distribute copies or transfer ownership of the work. 17 U.S.C. § 106(1)–(3). Here, the gravamen of the state-law claims at issue (theft, trade secret misappropriation, and conversion) involves the wrongful copying, reproduction, distribution, and transfer of copyrightable material. Therefore, the second prong is also satisfied because the state-law claims at issue protect rights that are equal to those provided in the Act. *See Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995); *see also Globeranger*, 691 F.3d at 709 (holding that a conversion claim with respect to intangible property was preempted); *Spear Mktg., Inc. v. BancorpSouth Bank*, 3:12-CV-3583-B, 2013 WL 2149570, at *7 (N.D. Tex. May 16, 2013) ("[T]o the extent [plaintiff] asserts its conversion claim based on conversion of intangible property, such allegation is preempted….[Furthermore, Plaintiff's theft] claims are based at least in part on Defendants' reproduction, distribution, or display of [plaintiff's] trade secrets and confidential information, and are therefore equivalent and at least partly preempted by the Copyright Act."); *M–I LLC v. Stelly,* 733 F.Supp.2d 759, 790–91 (S.D. Tex. 2010) ("The only potential extra element in theft liability is the knowingly requirement…[and] elements of knowledge do not establish an element that is qualitatively different from a copyright infringement claim.") (internal quotations omitted). Thus, Plaintiffs'

state-law claims of theft, conversion of intangible property, and trade secret misappropriation satisfy the Fifth Circuit's two-part preemption test and are preempted by the Copyright Act.

In summation, Defendant's 12(b)(6) motion to dismiss is granted as to Plaintiffs' claim for copyright infringement and denied as to Plaintiffs' remaining state-law claims.

## IV.     Motion for Leave to Amend to Assert Answer and Counterclaim

Defendant has not yet answered Plaintiffs' complaint and requests leave to file an answer and counterclaim in the event that the Court denies his motions to dismiss. Def.'s Mot. for Leave to Am., Doc. 14 at 1. Leave of the Court is not required to file a responsive pleading after a 12(b) motion is denied. Pursuant to Rule 12(a)(4)(A), Defendant must serve a responsive pleading within 14 days after notice of this order unless the court sets a different time. FED. R. CIV. P. 12(a)(4)(A). In light of the fact that the Court granted Plaintiffs 20 days to file an amended complaint, Defendant is granted 34 days from the date of entry of this order to file an answer to Plaintiffs' original complaint or amended complaint if one is filed.

## V.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**. It is further

**ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** as to Plaintiffs' claim for copyright infringement, with leave to amend within twenty days of the date of entry of this Order. The motion to dismiss is **DENIED** as to Plaintiffs' claims for conversion, violation of the Texas Theft Liability Act, and trade secret misappropriation.

SIGNED at Houston, Texas, this 14th day of July, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE