UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SCOTT BREADMORE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-361 |
| | § | |
| JAMES JACOBSON, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Extension of Time to File First Supplemental Complaint. Doc. 21. Having considered the motion, response, reply, the facts in the record, and the applicable law, the Court concludes the motion should be granted.

**I.      Background**

On July 14, 2014, the Court dismissed Plaintiff's complaint with leave to amend within 20 days upon registering for copyright pursuant to 17 U.S.C. § 441. Doc. 18. The amended complaint was due August 4, 2014. On August 18, 2014, Plaintiff filed the amended complaint, along with the pending motion to extend and a declaration by a legal assistant stating the complaint had been incorrectly electronically filed on August 14, 2014. Doc. 21.

**II.     Legal Standard**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6. Excusable neglect is determined according to four factors: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was

within the reasonable control of the movant, and [4] whether the movant acted in good faith."

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**III.   Discussion**

Plaintiff states he was not able to finish the copyright application by the deadline for the following reasons:

> This [application] process required sorting thru hundreds of written materials, drawings, diagrams, creating and arranging a display page, printing the display page and assembling it among other display pages (as example, See Functionality Diagram O/I) (See Dashboard Diagram 03A in the attached Z.E.A.L. Reward Copyright Submission). Preparation of the ZEAL Rewards copyright documents required hours and hours of contiguous work, much longer and more complicated than I ever expected or anticipated. I am the only one who could prepare these materials.

Doc. 20-1. Defendant has not provided any evidence that Plaintiff's explanation was unreasonable or in bad faith. Defendant makes a conclusory statement that the extension will result in prejudice and states his counterclaim "sheds light" on the prejudice. The counterclaim, however, does not discuss or shed light on prejudice but addresses only the merits of Plaintiff's claims. As for the length of delay, Defendant does not show that two weeks is excessive or that the extension will adversely impact the proceedings, although it would have been more proper for Plaintiff to request the extension prior to the deadline. It should be noted the Court has granted extensions to Defendant on at least four occasions. Docs. 18, 28, 41, 51.

**IV.   Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that time for filing of Plaintiffs' Supplemental Complaint (Doc. 20) is granted.

SIGNED at Houston, Texas, this 31st day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE