Case 4:13-cv-00361 Document 83 Filed in TXSD on 03/30/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SCOTT BEARDMORE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-361 |
| | § | |
| JAMES JACOBSON, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER ON DEFENDANT'S MOTION FOR COSTS, ATTORNEYS' FEES AND SANCTIONS

Defendant has filed a Motion for Costs, Attorneys' fees, and Sanctions (Document No. 72). Plaintiffs filed a Response (Document No. 77) and Defendant then filed a Reply thereto (Document No. 78). Having considered these filings, the facts in the record, and the applicable law, the Court concludes Defendant's Motion (Document No. 72) should be denied in part and granted in part.

**Attorney's Fees**

Defendant Jacobson seeks attorney's fees under 17 U.S.C. § 505 and 28 U.S.C. § 1927 (Document No. 72 at 2).

### *17 U.S.C. § 505*

This statute provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.A. § 505 (West). "Although attorney's fees are awarded in the trial court's discretion, [in copyright cases] they are the rule

rather than the exception and should be awarded routinely." *Alameda Films SA de CV v. Authors Rights Restoration Corp. Inc.*, 331 F.3d 472, 483 (5th Cir. 2003)(citation omitted).

The statute states that attorney's fees may only be provided to the "prevailing party." Jacobson was the prevailing party on the copyright infringement claim, as this Court dismissed Plaintiffs' claim at summary judgment (Document No. 68 at 29). "Enforceable judgments on the merits are sufficient for prevailing-party status." *Tempest Publ'g*, 2015 WL 6394414, at *2 (S.D. Tex. Oct. 21, 2015 (citations omitted). Jacobson is therefore entitled to an award of attorney's fees[1] for his defense of the copyright infringement claim, even though he was the defendant in this case. *Id*. ("Prevailing plaintiffs and prevailing defendants are to be treated alike" under § 505.).

### 28 U.S.C. § 1927

This statute provides that "[a]ny attorney […] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. Awards under this statute are "penal in nature" and "[s]trict construction of this statute is necessary so that the legitimate zeal of an attorney in representing her client is not dampened." *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). "Therefore, before imposing such sanctions, a court must ensure that, pursuant to the plain terms of § 1927, the offending attorney's multiplication of the proceedings was both 'unreasonable' and 'vexatious'; evidence of recklessness, bad faith, or improper motive must be present." *Travelers Ins. Co. v. St. Jude*

---

1 In granting Defendant's Motion for Summary Judgment (Document No. 40), this Court noted that Plaintiffs failed even to state a claim of copyright infringement (Document No. 68 at 29). This shows sufficient frivolousness of the claim without requiring an in-depth consideration of the guiding factors in *Fogerty v. Fantasy*. 510 U.S. 517, 539 n.19 (1994)("These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act.")(internal citations and quotations omitted).

*Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994)(citations omitted).

Defendant has not demonstrated recklessness, bad faith or improper motive on the part of Plaintiffs' counsel. Defendant alleges that Plaintiffs' counsel did not withdraw the case nor investigate sufficiently when informed "just six days after the filing of Plaintiffs' Complaint" that Defendant had never sold the App (Document No. 72 at 11). However, the Court agrees with Plaintiffs' counsel that "Defendant claimed previously he was trying to sell the App and had in fact sold it to unnamed parties placing Plaintiff in the posture of having to decide which story is true and which is not" (Document No. 77 at 16). Considering that there were messages to Beardmore from the Defendant claiming to have sold the App (Plaintiffs' Trial Exhibits 9, 10), there is no evidence that Plaintiffs' counsel was reckless, acted in bad faith or with an improper motive in pursuing these claims. Even if Plaintiffs' claims were both "meritless and frivolous," sanctions are not appropriate without this requisite level of intent. *Stewart v. Courtyard Mgmt. Corp.*, 155 F. App'x 756, 761 (5th Cir. 2005).

**Costs**

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54. "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Tempest Publ'g,* 2015 WL 6394414, at *1.

As described above, Jacobson was the prevailing party on the copyright infringement claim, and "[t]he prevailing-party analysis is generally the same for awards of both attorney's fees and costs." *Id*. at *10. However, the identity of the prevailing party for the entire litigation is more complex, as all of Plaintiffs' claims were dismissed, but Defendant also did not prevail on any counterclaims. *Baisden v. I'm Ready Prods., Inc.*, 804 F. Supp. 2d 549, 556 (S.D. Tex. 2011)

*aff'd*, 693 F.3d 491 (5th Cir. 2012)("The case must be viewed as a whole to determine who is the prevailing party.")(citations omitted). "A party does not have to prevail on all issues to be entitled to an award of costs." *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581 (W.D. Tex. 2010) *aff'd*, 430 F. App'x 359 (5th Cir. 2011)(*citing United States v. Mitchell,* 580 F.2d 789, 793 (5th Cir. 1978)). There can only be one prevailing party under Rule 54. *Tempest Publ'g,* 2015 WL 6394414, at *3.

Viewing this case in its entirety, there was no prevailing party. Neither side prevailed on a single claim, essentially maintaining the status quo prior to the lawsuit. Without a prevailing party, neither side is entitled to costs under Rule 54.[2]

**Sanctions**

Sanctions under 28 U.S.C. § 1927 are discussed above. Defendant has also asked for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) states that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11. The rule also provides that "a motion for sanctions must be made separately

---

2 Therefore Defendant is not entitled to a portion of costs on the copyright claim under Rule 54, and § 505 does not "provide otherwise," as it actually *expands* Rule 54 discretion. *Tempest Publ'g,* 2015 WL 6394414, at *4. ("Rule 54(d)(1) governs unless a federal statute ... provides otherwise. A statute provides otherwise than Rule 54(d)(1) if it is contrary to the rule. Because the Rule grants district courts discretion to award costs, a statute is contrary to the Rule if it limits that discretion.")*(internal citations and quotations omitted).*

from any other motion" and provides a safe harbor whereby "[t]he motion […] must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id*. Defendant did not file his motion separately, and, according to Plaintiffs, failed to notify them under the "safe harbor" (Document No. 77 at 14). Therefore, the Court declines to consider the motion.

It is hereby ORDERED that Defendant James Jacobson's Motion for Costs, Attorneys' fees, and Sanctions (Document No. 72) is denied in part and granted in part.

Defendant James Jacobson is GRANTED attorney's fees for his defense of the copyright claim *only* and is DENIED costs and sanctions.

Defendant James Jacobson is hereby ORDERED to file within 20 days of the date of the entry of this order a request for attorney's fees relating to his copyright defense *only* with supporting documentation in accordance with *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

SIGNED at Houston, Texas, this 29th day of March, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE