Case 4:13-cv-00361 Document 88 Filed in TXSD on 08/11/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SCOTT BEARDMORE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-361 |
| | § | |
| JAMES JACOBSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court is Defendant James Jacobsen's ("Jacobsen's") Motion for Attorney's Fees (Document No. 85), filed on April 19, 2016. Plaintiffs have not filed a response.[1] Having considered Defendant's Motion and the applicable law, the Court concludes the Defendant's Motion is GRANTED.

**Background**

Plaintiffs initially asserted four claims against Defendant: conversion, violations of the Texas Theft Liability Act, trade secret misappropriation and copyright infringement. (Document No. 1 at ¶¶ 6-9). In response, Defendant asserted two counterclaims for declaratory judgment as to ownership and, alternatively, breach of contract causing damages of $70,000. (Document No. 19 ¶¶ 7-9). On September 18, 2015, this Court issued a Corrected Opinion and Order on Defendant's Motion for Summary Judgment (Document No. 68), dismissing all of Plaintiffs' claims. After all of Plaintiff's claims were dismissed, Defendant filed a Motion for Attorney's

---

[1] Plaintiffs filed their Response (Document No. 86) on August 4, 2016, approximately three months past the deadline, without explanation or leave of the Court. Pursuant to Local Rule 7.4, responses "must be filed by the submission day." "If the Court has not yet considered a pending motion, [] and a response is filed after the period allotted by the Local Rules, the Court may consider the response at its discretion." *Lundy v. United States*, No. CIV.A. V-06-69, 2008 WL 1836682, at *3 (S.D. Tex. Apr. 23, 2008). The Court, pursuant to this discretion, will not consider Plaintiffs' Response, because it was filed so egregiously past the deadline, and without any request for leave of Court. *Martinez v. Holzknecht*, No. CIV.A. 5-09-135, 2010 WL 4237534, at *3 (S.D. Tex. Oct. 21, 2010) ("Because Plaintiff's response is untimely, Defendant's summary judgment motion is treated as unopposed.").

Fees, Costs, and Sanctions. (Document No. 72).

The Court held a bench trial on the remaining counterclaims on November 9, 2015. On March 30, 2016, the Court issued Findings of Fact and Conclusions of Law with respect to Defendant's counterclaims, finding that both of Defendant's counterclaims failed. (Document No. 82). Also on March 30, 2016, the Court partially granted Defendant's Motion for Attorney's Fees, Costs, and Sanctions. (Document No. 83). The Court granted Defendant attorney's fees for his defense of the copyright claim only, and denied costs and sanctions. *Id*. at 5. Pursuant to the Court's Order, the Defendant filed the instant motion, detailing his attorney's fees for defending the copyright claim. (Document No. 85). Defendant requests an award of $109,838.75. *Id*. at 1.

**Standard of Review**

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," a sum commonly called the "lodestar." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). There is a strong presumption that the lodestar is a reasonable fee, and the fee applicant bears the burden of demonstrating that an upward adjustment by application of the *Johnson* factors is necessary to calculate a reasonable fee. *Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), *cert denied*, 516 U.S. 862 (1995).

A reasonable hourly rate is that rate in the community for such legal services rendered by attorneys of comparable skill, experience, and reputation. *Heidtman v. County of El Paso*, 171

F.3d 1039, 1043 (5th Cir. 1999); *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990). A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895-96 n.11. The fee applicant bears the burden of producing evidence that the requested rate is appropriate within the relevant community. *Condon v. Hunting Energy Services, L.P.*, Civ. A. No. H-04-3411, 2006 WL 2882857, at *2 (S.D. Tex. Oct. 4, 2006).

In addition to the community rate, the district court must also consider the attorneys' regular rates. *Louisiana Power*, 50 F.3d at 328. Generally when an attorney's requested hourly rate is his customary rate, when it is within the range of prevailing market rates, and when the rate is not contested, it is viewed as *prima facie* reasonable. *Id*. at 329. To establish the reasonableness of his requested rate, the fee applicant should produce satisfactory evidence beyond his own affidavit "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896 n.11. Furthermore, the court may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *Davis v. Bd. of Sch. Comm'rs of Mobil County*, 526 F.2d 865, 868 (5th Cir. 1976).

The court must determine whether the hours expended by the prevailing party's counsel were "reasonably expended," both as to the total number of hours claimed and the specific hours claimed. *Condon*, 2006 WL 2882857, at *2 (citing *Louisiana Power*, 50 F.3d at 329). The fee applicant bears the burden of showing that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437. Compensable hours, reasonably spent, are determined from the attorney's contemporaneous time or billing records or other documentation which the district

court must examine to discern which hours are compensable and which are not. *Id*. at 434; *Louisiana Power*, 50 F.3d at 324.

The fee applicant should exercise "billing judgment" and keep billing time records in a way that enables the reviewing court to "identify distinct claims." *Hensley*, 461 U.S. at 437. *See also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) *(*An applicant for fees must submit documentation, e.g., contemporaneous billing records or detailed invoices or affidavits, to permit the court to identify noncompensable hours and to determine an appropriate amount of fees.). Counsel must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id. See also Saizan v. Delta Concrete Products Company*, 448 F.3d 795, 799 (5th Cir. 2006) ("[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." [footnotes omitted]).

In determining what is a reasonable fee, the courts in the Fifth Circuit must consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989) (holding that a fee award under § 1988 should not be capped by a contingent fee agreement between the attorney and his client). The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary

fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

While the lodestar is relevant to determining a fee award, it is not the sole basis for determining that award; the *Johnson* factors are applicable to deciding whether the lodestar is reasonable, as well as to adjusting that award by a multiplier once the lodestar is calculated. *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986) ("The time and hours spent on a case are a necessary ingredient in determining a fee award, but they should not be the sole basis for determining a fee. The *Johnson* factors govern the determination of reasonableness itself; they are not merely factors to be considered in adjusting the award once the lodestar is calculated.") (citing *Johnson*, 488 F.2d at 717).

As noted, based on one or more *Johnson* factors, the court may apply a multiplier to adjust the lodestar up or down if that factor or factors are not already taken into account by the lodestar, itself. *Strong*, 137 F.3d at 850. An adjustment may only be made if the *Johnson* factor has not already been accounted for in the lodestar. *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994), *cert. denied*, 511 U.S. 1143 (1994); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) ("[T]he district court must be careful . . . not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments."), *cert. denied*, 510 U.S. 991 (1993).

Four of the *Johnson* factors are presumably included in the lodestar calculation: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of

representation, and the results obtained from the litigation. *Blum*, 465 U.S. at 898-99; *Shipes*, 987 F.2d at 320. "Although upward adjustments of the lodestar figure based on these factors are still permissible, such modifications are proper only in certain rare and exceptional cases supported by specific evidence on the record and detailed findings by the lower courts." *Id*. The Fifth Circuit has also held that two other factors, time limitations imposed by the client or the circumstances and preclusion of other employment, are generally subsumed in the lodestar calculation, too. *Shipes*, 987 F.3d at 321-22; *Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

**Discussion**

*Hourly Rate*

Defendant requests $325/hour for attorney Michael Falick in 2013, and an increased rate of $375/hour for Falick in 2014 and 2015. (Document No. 85 at 3). Defendant explains that Falick "has been practicing law in the Houston community since 1991" and "specializes in trial and appellate litigation," and states that the hourly rate of $375 per hour is both customary and consistent with the Houston legal market for attorneys with Mr. Falick's experience and expertise. (Document No. 85 at 9). However, the Motion does not provide a specific statement that these hourly rates were the regular rate for Falick, nor does the Motion include evidence beyond the affidavit, demonstrating that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Louisiana Power*, 50 F.3d at 329; *Blum*, 465 U.S. at 896 n.11.

Therefore the Court will rely on its "own expertise and judgment," as well as other case law, to determine the reasonableness of these rates. *Davis*, 526 F.2d at 868. Upon review of other

case law, the Court believes that these rates are reasonable,[2] especially given that Falick has more than 20 years of experience. Given that they are also not contested by Plaintiffs, the Court finds these rates are reasonable.

*Hours Expended*

Defendant has included extensive records of hours expended in this case, submitting that a total of 297.75 recoverable hours were spent on this case (36.35 hours were spent in 2013, 115.25 hours were spent in 2014, and 146.15 hours were spent in 2015). (Document No. 85 at 3). Defendant states that hours were reduced to only include work done by head counsel (Falick), and that hours related to Defendant's counterclaim were eliminated. *Id*. at 3. Furthermore, Defendant states that these hours do not include time billed after the Court dismissed Plaintiffs' claims on summary judgment. *Id*.

Although the Court granted attorneys' fees only for Plaintiffs' copyright claim (Document No. 83 at 5), Defendant argues that "portions of Jacobsen's attorney's fees time entries are necessarily inextricably intertwined." (Document No. 85 at 4). The Fifth Circuit has explained Texas law regarding the segregation of fees for work performed on different claims as follows:

> The general rule regarding the recovery of fees in Texas is that "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 311 (Tex.2006). However, in *Stewart Title Guaranty Co. v. Sterling,* the Texas Supreme Court recognized that an "exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so

---

[2] *See Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) ("reduced hourly rates of $577.50, $542.50, and $280 were reasonable, customary rates"); *Rouse v. Target Corp.*, No. 3:15-CV-48, 2016 WL 319871, at *3 (S.D. Tex. Jan. 26, 2016) ($500 per hour rate was reasonable for partner with over 21 years of experience in labor and employment law); *Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *5 (S.D. Tex. June 25, 2013) ("$407.03/hour for partners [was] reasonable in the Houston market" for breach of contract case); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012) ($350/hour reasonable for partner with eighteen years of experience); *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-CV-1556-B, 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011) ("In other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners.") (citing cases).

> interrelated that their prosecution or defense entails proof or denial of essentially the same facts." 822 S.W.2d 1, 11 (Tex.1991) (citation and internal quotation omitted). A party who can meet this exception is not required to segregate fees and may recover the entire amount of fees covering all claims. *Id.* During the pendency of the appeal of this case, the *Sterling* exception was modified as follows by *Chapa:* "Intertwined facts do not make tort [attorney's] fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. We modify *Sterling* to that extent." *Chapa,* 212 S.W.3d at 313–14.

*Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007). Defendant argues that claims against Jacobsen were all based upon the same allegation: that Jacobsen wrongfully sold the app, and therefore "the defense of this case typically focused on the common factual issue involving Jacobsen's possession [and use] of the App." (Document No. 85 at 5). The Court agrees that these fact issues were relevant to many of the claims eventually dismissed on summary judgment, and were therefore intertwined with the other claims to a certain extent. However, Defendant must have spent some time on "claims that did not overlap with the copyright infringement claims—time spent, for example, researching the elements of the claims and drafting the portions of the motion to dismiss[3] that addressed them." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 799 (S.D. Tex. 2009) (reducing associate's hours on this basis). Review of Defendant's Motions demonstrates that Defendant did take time to research other issues not relevant to the copyright claim, particularly research on the issue of whether conversion under Texas law applies to intangible property (Document No. 40 at 6). The Motion for Summary Judgment also includes research on intent necessary under Texas Penal Code § 31.03, and research on the taking of a trade secret without consent required under Texas Penal Code § 31.05. *Id.* at 8-10. Furthermore, some portion of time spent on other matters, such as discovery and depositions, necessarily included some work relevant only to the non-copyright claims. Therefore the Court finds that a twenty-hour reduction in Falick's time is appropriate.

---

[3] This case includes a motion to dismiss and a motion for summary judgment filed by Defendant.

*Randolph*, 634 F. Supp. 2d at 799. As the bulk of the work on this case occurred in 2014 and 2015, the Court will reduce the twenty hours at Falick's rate of $375/hour, lowering the lodestar by $7,500, to $102,338.75.

Furthermore, some specific billing items struck the Court as irrelevant to the copyright claims. First, Defendant review of "new patent case authority from [the] Fifth Circuit regarding ownership issues" is not relevant to the copyright matter. (Document No. 85-2 at 3). This is one half of a three hour billing period[4]; therefore the Court will remove 1.5 hours from the lodestar, at the 2013 rate of $325/hour ($487.50). Second, research regarding "pendent state law claims" was not relevant to the copyright matter. *Id*. at 6. This was also one half of a three-hour billing period[5]; therefore the Court will remove 1.5 hours from the lodestar at the 2014 rate of $375/hour ($562.50). These reductions lower the lodestar to $101,288.75.

*Johnson Factors*

Neither party requests an adjustment to the lodestar based upon these factors, but the Court must still weigh the *Johnson* factors in determining whether the fee is reasonable. The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. However the Court will not weigh factors (2), (3), (4), (7),

---

[4] The actual time separation between the two tasks allotted to the three-hour period is not listed. Therefore the Court believes splitting the time in half is reasonable.
[5] Same as footnote 3.

(8), and (9) because they are presumably included in the lodestar calculation. *Blum*, 465 U.S. at 898-99; *Shipes*, 987 F.2d at 320-2; *Heidtman*, 171 F.3d at 1043.

(1) The amount of time and labor spent on this case was discussed above. (5) Customary fees were discussed above. (6) The fee in this case was not contingent. (10) Defendant does not argue that this case was undesirable. (11) Defendant does not argue that this factor is relevant. (12) Defendant states that he is "unaware of fee awards made in similar cases." (Document No. 85 at 11). The Court has found some cases awarding fees under §505 of the Copyright Act, but the awards vary greatly. *See, e.g.*, *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 411–12 (5th Cir. 2004) (affirming a $2,765,026.90 fee award to prevailing defendant after seven-day trial); *Geophysical Servs., Inc. v. TGS-Nopec Geophysical Servs.*, No. CV 14-1368, 2016 WL 30294, at *7 (S.D. Tex. Jan. 4, 2016) (awarding $132,888); *Randolph*, 634 F. Supp. 2d at 802 (awarding $3,816.73 in attorneys' fees in case dismissed on a 12(b)(6) motion); *Blackmer v. Monarch Holdings (USA) Inc.*, No. CIV.A. H-00-4290, 2002 WL 32361935, at *5 (S.D. Tex. July 11, 2002) (awarding $66,317.50 after jury trial). Therefore the Court does not find that this factor weighs in favor of a change to the lodestar.

**Conclusion**

The Court hereby GRANTS Defendant's Motion for Attorney's Fees (Document No. 85) and AWARDS Defendant $101,288.75 in attorney's fees.

SIGNED at Houston, Texas, this 11th day of August, 2016.

                                      MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE